Ruben A. Valdez Executive Director Department of Social Services 717 17th Street P.O. Box 181000 Denver, CO 80218-0899
Dear Mr. Valdez:
This opinion letter is in response to your September 12, 1986 letter in which you inquired about legal remedies available to county departments of social services in cases of medical neglect including withholding of medically indicated treatment from disabled infants with life-threatening conditions.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an Attorney General's Opinion presents the question:
Do county departments of social services have the ability to prevent the withholding of medically-indicated treatment from disabled infants with life-threatening conditions, access medical records and obtain court-ordered independent medical examinations?
Yes.
ANALYSIS
Colorado statutes deal with child dependency, abuse and neglect in title 19 of C.R.S., which is known as the "Colorado Children's Code." Article 10 of title 19, the "Child Protection Act of 1975," deals, in particular, with the reporting and investigation of child abuse and neglect.
Section 19-10-103(1)(a)(III), C.R.S. (1985 Supp.) defines "child abuse or neglect" to include an act or omission which threatens the health or welfare of a child, including cases where a child is "in need of services because the child's parents, legal guardians, or custodians fail to take the same actions to provide adequate . . . medical care . . . that a prudent parent would take." A "neglected or dependent child" includes, pursuant to section 19-1-103(20)(d), C.R.S. (1978), a child whose parent, guardian or legal custodian fails or refuses to provide proper or necessary medical care necessary for his/her health or well-being. A disabled infant with life-threatening conditions who is being deprived of medically-indicated treatment is a neglected or dependent child under section 19-1-103(20)(d). The withholding of medically-indicated treatment from such an infant is within the definition of child neglect in section 19-10-103(1)(a)(III). The statutory exception in section 19-1-114, C.R.S. (1978) for good faith treatment by spiritual means is inapplicable to cases where the child is deprived of medical care necessary to prevent a life-endangering condition. People in Interest ofD.L.E., 645 P.2d 271 (Colo. 1982). The Colorado Supreme Court in that case held that the parents' election against medical treatment for a child is not absolute in a life-endangering situation.
The state, through the county departments of social services, is the exclusive party authorized to bring dependency and neglect proceedings. McCall v. District Court in and for MontezumaCounty Colo. 1982), 651 P.2d 393; section 19-10-109(4)(a), C.R.S. (1985 Supp.). County departments are the agencies responsible in Colorado for the coordination of all investigations of all reports of known or suspected child abuse or neglect. Section 19-10-109(4)(a), C.R.S. (1985 Supp.). Any person may, and certain specified persons (i.e., nurses and hospital personnel) must, immediately report to a county department of social services or local law enforcement agency when there is reasonable cause to know or suspect that a child has been subjected to abuse or neglect or when a child has been observed being subjected to circumstances or conditions which would reasonably result in abuse or neglect. Section 19-10-104, C.R.S. (1978). Immediately upon receipt of such a report, county departments are required, in order to provide protection for the child, to make a thorough investigation into the nature, extent and cause of the alleged abuse or neglect. Section 19-10-109(1), C.R.S. (1985 Supp.).
In a case involving the withholding of medical treatment, the investigation, would, of necessity, require a review of the medical records. Section 19-10-112, C.R.S. (1985 Supp.) eliminates the physician-patient privilege in any judicial proceeding resulting from a report of child abuse or neglect. The Legislature has, therefore, dictated that the safety of the child takes precedence over any privacy interest that may be asserted.Cf. In re Welfare of Dodge, 628 P.2d 1343,1345 (Wash.App. 1981). Furthermore, absent the ability to access medical records, the authority of county departments to provide protection of children would be rendered largely meaningless. The statutory scheme implies access to medical records. What is implied in a statute is as much a part of the statute as what is expressed. Colorado and Southern Railway Co. v. City of FortCollins, 52 Colo. 281, 121 P. 747 (Colo. 1912). In my opinion then, the statutory scheme herein not only permits but contemplates, county departments access to medical records.
Where there is a reasonable belief that continuing in the care and custody of the person responsible for care and custody would present a danger to the child's health or life in the reasonably foreseeable future, county departments of social services have the authority to request that the court issue protective custody orders. Section 19-10-107, C.R.S. (1985 Supp.). County departments may also refer cases to the court for investigation. Section 19-3-101(2), C.R.S. (1978).
The juvenile courts have exclusive jurisdiction in proceedings concerning a neglected or dependent child. In emergency situations such as when the life of a disabled infant is threatened due to the withholding of medically-indicated treatment, the court may issue orders for medical or surgical treatment with or without parental consent on the basis of a report transmitted to it by the county department. Section19-1-104(3)(b), C.R.S. (1985 Supp.). Once a child has been adjudicated neglected or dependent, the court may order that the child be examined or treated by a physician or that the child receive other special care. Section 19-3-111(1)(d)(I), C.R.S. (1985 Supp.).
SUMMARY
It is my conclusion that county departments of social services have the legal means to prevent the withholding of medically-indicated treatment from disabled infants with life-threatening conditions. They may, through the legal proceedings referenced above, obtain access to medical records and obtain independent medical examinations.
Very truly yours,
 DUANE WOODARD Attorney General
CHILD ABUSE JUVENILES STATUTORY CONSTRUCTION COURTS, JUVENILE
19-10-103(1)(a)(III), C.R.S. (1985 Supp.)19-1-103(20)(d), C.R.S. (1978)19-1-114, C.R.S. (1978) 19-10-109(4)(a), C.R.S. (1985 Supp.) 19-10-104, C.R.S. (1978) 19-10-109(1), C.R.S. (1985 Supp.) 19-10-112, C.R.S. (1985 Supp.)19-1-104(3)(b), C.R.S. (1985 Supp.) 19-10-107, C.R.S. (1985 Supp.)19-3-101(2), C.R.S. (1978) 19-3-111(1)(d)(I), C.R.S. (1985 Supp.)
SOCIAL SERVICES, DEPT. OF Social Services Title XX
Authority of Colorado Department of Social Services to obtain medical records and prevent medical neglect.